IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 13-00273-01-CR-W-DGK |
| NORMAN BERNARD WEAVER, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO DECLARE CASE EXTENDED AND COMPLEX**

Before the Court is Defendant Weaver's Motion to Declare Case Extended and Complex (Doc. No. 350).

*I.     BACKGROUND*

On August 6, 2013, an Indictment was returned charging Defendant and nine co-defendants with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. The conspiracy was alleged to have occurred from at least as early as December 21, 2012 and continuing through February 1, 2013. Defendant first appeared in this District on September 30, 2013. On December 16, 2014, a Superseding Indictment was returned charging Defendant and two co-defendants with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. The conspiracy is alleged to have occurred from at least as early as April 4, 2012 and continuing through November 7, 2014. Defendant pled guilty to the Superseding Indictment on October 20, 2015. Defendant was sentenced on June 20, 2016.

*II.    ANALYSIS*

Counsel requests that this case be declared extended and complex so that he may receive

1

compensation in excess of the statutory maximum amount of $10,000.[1] In determining whether a case is extended or complex, §230.23.40 of the CJA Guidelines is instructive. This Guideline provides:

> §230.23.40 Waiving Case Compensation Maximums
> (a) Overview
> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior judge to whom excess compensation approval authority has been delegated).
> (b) Extended or Complex Cases
> The approving judicial officer should first make a threshold determination as to whether the case **is either** extended or complex.
> - If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."
> - If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> (c) Determining Fair Compensation
> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:
> - responsibilities involved measured by the magnitude and importance of the case;
> - manner in which duties were performed;
> - knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;
> - nature of counsel's practice and injury thereto;
> - any extraordinary pressure of time or other factors under which services were rendered; and
> - any other circumstances relevant and material to a determination to a fair and reasonable fee.

CJA Guidelines §230.23.40.

In reviewing this case, I do not find that this matter was "extended." Although the case

---

[1] Although a designation of the case as extended and/or complex would also allow submission of interim vouchers, counsel's request for such is moot.

took just under three years to resolve, this period resulted from four continuance motions being granted and Defendant's competency evaluation. Other than the competency issue, which was stipulated to by the parties (See Doc. No. 259), there were no pre-trial evidentiary hearings. I note that the only issue litigated before me were Defendant's pro se requests for new counsel. After Defendant pled guilty, the only hearing was for sentencing.

Additionally, I find that this case was not "complex." Defendant was charged with one count of conspiracy to commit bank fraud and I am not aware of any issues, legal or otherwise, which required a higher level of skill or proficiency that that of an average case. Counsel states that the discovery in this case was voluminous. Discovery consisted of 76 discs containing 8,374 Bates-numbered documents, over 22 hours of video and audio files, an additional 762 recorded jail phone calls, numerous document exams, cell phone exams and additional police reports. While I do agree that there was a large amount of discovery in this case, I do not believe that this fact alone makes the case complex. Counsel may still request payment in excess of the statutory maximum by submitting a CJA 20 voucher and CJA 26 supplemental information statement for review by the presiding judge.

### III. CONCLUSION

For the above-stated reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and the applicable law, enter an order denying Defendant's motion declare the case extended and complex.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained. Failure to file and serve timely specific

3

objections may result in waiver of the right to appeal factual findings made in the report and recommendation which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 10, 2016